■ In the Matter of SHADY GANDHI SHAMESELDIN I., a Child Alleged to be Permanently Neglected. AMINA MOKHTAR I.S., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent. [808 NYS2d 674]—

Order of disposition, Family Court, New York County (Rhoda Cohen, J.), entered on or about May 5, 2004, which, to the extent appealed from, upon a fact-finding determination of permanent neglect, terminated respondent mother's parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

There was clear and convincing evidence to support Family Court's determination that, despite petitioner agency's diligent efforts, respondent permanently neglected the subject child by failing to plan for his future (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368 [1984]). Although petitioner devised a plan to reunite respondent and the child and respondent was counseled, referred to a therapy program and advised of the importance of remaining in therapy, respondent did not comply with the prescribed therapeutic program and consequently failed to recognize, much less effectively address, the problems that led to the child's placement (*see Matter of Amanda R.*, 215 AD2d 220 [1995], *lv denied* 86 NY2d 705 [1995]). Respondent's "inability . . . to gain insight into her behavior cannot be blamed on the agency, nor was the agency obligated to accommodate her lack of insight by formulating an alternative plan" (*Matter of Adrian M.*, 270 AD2d 93, 94 [2000], *lv denied* 95 NY2d 757 [2000] [citation omitted]).

The finding that it was in the child's best interests that respondent's parental rights be terminated so as to facilitate the adoptive process was supported by the necessary preponderance of the evidence (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.