■ In the Matter of JUSTINA ROSE D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLOTTE D. et al., Appellants. [813 NYS2d 229]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, and the father separately appeals, from an order of the Family Court, Suffolk County (Spinner, J.), entered November 17, 2004, which, after a hearing, found the subject child to be permanently neglected, terminated their parental rights, and transferred guardianship and custody of the subject child to the Commissioner of the Suffolk County Department of Social Services for the purpose of adoption. Assigned counsel for the father has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the order is affirmed, without costs or disbursements.

We have reviewed the record and agree with the father's assigned counsel that there are no nonfrivolous issues which could be raised on his appeal. Counsel's application for leave to withdraw as counsel to the father is granted (*see Anders v California,* 386 US 738 [1967]).

The father has not raised any nonfrivolous issues in his supplemental pro se brief.

As to the appeal by the mother, the threshold inquiry in a neglect proceeding is whether the child care agency exercised diligent efforts to strengthen and nurture the parent-child rela-

tionship (see *Matter of Gregory B.*, 74 NY2d 77, 86 [1989]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Here, the Suffolk County Department of Social Services (hereinafter the DSS) made efforts to enroll the mother in therapy, arranged for her to attend parenting classes to resolve the problems which led to the child's placement in foster care, arranged visitation, and held regular case reviews to which she was invited, to keep her updated on the child's progress and development. The Family Court correctly found that the DSS made diligent efforts to strengthen the parent-child relationship.

A court may make a finding of permanent neglect only after it is established that a parent has failed substantially and continuously or repeatedly to maintain contact with or plan for the future of a child, although financially and physically able to do so. A parent must both maintain contact with and plan for the future of the child. A default in performing either may support a finding of permanent neglect. Insubstantial and infrequent contacts with the child are insufficient. The planning requirement contemplates that the parent take such steps as are necessary to provide an adequate and stable home within a reasonable period of time (see Social Services Law § 384-b [7] [a], [b], [c]; *Matter of Star Leslie W., supra* at 142-143).

Although the mother undisputably maintained contact with the subject child by attending virtually all the scheduled visitations, she failed to plan for the child's future. The mother was referred to a therapy program and was advised of the importance of remaining in therapy, but she did not comply with the prescribed program and consequently failed to recognize, much less effectively address, the problems which led to the child's placement in foster care (see *Matter of Shady Gandhi Shameseldin I.*, 26 AD3d 168 [2006]). The mother failed to acknowledge her responsibility for the abuse which led to the child's placement. Thus, the cause of the abuse was never explored and the mother was unable to gain any insight into her behavior. Moreover, no therapeutic progress was made, and the mother did not adequately plan for the subject child's future (see *Matter of Perry T.K.*, 16 AD3d 687 [2005]; *Matter of Joshua S.*, 305 AD2d 514 [2003]). The Family Court had a sound and substantial basis in the record for its determination that the mother permanently neglected the subject child, and its determination should not be disturbed (see *Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Walsh v Badick*, 23 AD3d 487 [2005]).

Contrary to the mother's contention, the Family Court providently exercised its discretion in terminating her parental rights without conducting a separate dispositional hearing. The

rules requiring a dispositional hearing are not so rigid as to mandate a totally duplicative reprise of testimony presented at a fact-finding hearing where, as here, it is clear that no new evidence was available and where the parent was afforded a full opportunity to present witnesses or other proof relevant to the disposition (*see Matter of Anthony OO.*, 258 AD2d 788 [1999]; *see also Matter of James H.*, 281 AD2d 920 [2001], *appeal dismissed* 96 NY2d 896 [2001], *cert denied sub nom. Brenda H. v Erie County Dept. of Social Servs.*, 534 US 1090 [2002]). Moreover, it is clear that the Family Court considered the best interests of the subject child in making its determination. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.