■ In the Matter of MICHAEL W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RANDOLPH W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of PRISCILLA W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RANDOLPH W., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ANDREW W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RANDOLPH W., Appellant, et al., Respondent. (Proceeding No. 3.) [957 NYS2d 882]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from three orders of fact-finding and disposition (one as to each child) of the Family Court,

Queens County (Tally, J.), all dated January 10, 2012, which, after a fact-finding and dispositional hearing, found that he permanently neglected the children, terminated his parental rights, and transferred guardianship and custody of the children jointly to the petitioners SCO Family of Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the father's contention, the petitioner SCO Family of Services established by clear and convincing evidence that it made diligent efforts to strengthen the relationship between the father and the children, but that the father's refusal to attend and complete a sexual abuse counseling program was a failure to plan for the future of the children, such that they were permanently neglected by him (see Social Services Law § 384-b [7] [a], [c]; Matter of Justina Rose D., 28 AD3d 659, 660 [2006]).

Moreover, the Family Court properly determined that it would be in the best interest of the children to be freed for adoption by the foster parents with whom they have lived since 2005. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.