IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-422

 Filed: 17 April 2018

Wake County, No. 09 CRS 203008

STATE OF NORTH CAROLINA

 v.

FLAVIO VELASQUEZ-CARDENAS

 Appeal by Defendant from order entered 26 September 2016 by Judge Paul C.

Ridgeway in Superior Court, Wake County. Heard in the Court of Appeals 16 October

2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily H.
 Davis, for Defendant-Appellant; and Flavio Jo Velasquez-Cardenas, pro se.

 McGEE, Chief Judge.

 I. Procedural and Factual Background

 A jury found Flavio Velasquez-Cardenas (“Defendant”)1 guilty on 16 February

2012 of the first-degree murder of Patsy Barefoot (“Ms. Barefoot”), based on both

premeditation and deliberation and the felony murder rule. This Court upheld

Defendant’s conviction on direct appeal in State v. Velasquez-Cardenas, 228 N.C. App.

 1
 While the order spells Defendant’s name as “Valasquez-Cardenas, we use the spelling of
Defendant’s name as reflected in the indictment and in Defendant’s pro se Notice of Appeal and
Defendant’s other pro se filings in the record.
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

139, 746 S.E.2d 22, 2013 WL 3131252 (2013) (unpublished) (“Velasquez-Cardenas I”),

and additional facts can be found in that opinion.

 As recounted in Velasquez-Cardenas I, Defendant gave a statement to police

admitting that he killed and sexually assaulted Ms. Barefoot in her apartment in

Wake County, North Carolina, before stealing her car and credit card and driving to

Florida, where he was ultimately apprehended. Id. at *1-3. In Velasquez-Cardenas

I, there was testimony that the State Bureau of Investigation (“SBI”) also “confirmed

that the hair found in Decedent’s hand was a match to Defendant’s hair[.]” Id. at *2.

Testifying at trial, Defendant admitted to inadvertently killing Ms. Barefoot after

they engaged in consensual sex, claiming he “‘put her against the wall’ in an attempt

to calm her down” when she became upset that he was using cocaine in her bathroom.

Id.

 In April 2016, Defendant filed a motion to locate and preserve evidence and for

post-conviction DNA testing pursuant to N.C. Gen. Stat. §§ 15A-268 and 269 (2017),

which are sections of the DNA Database and Databank Act of 1993 (the “Act”). N.C.

Gen. Stat. § 15A-266 et seq. The trial court denied Defendant’s motion by order

entered 26 September 2016. After reviewing the record, including Defendant’s

confession and the other evidence adduced at trial, the trial court concluded that

Defendant had “failed to allege or establish that there [wa]s any reasonable

probability that the verdict would have been more favorable to [him] had DNA testing

 -2-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

been conducted on the evidence prior to [his] conviction.” See N.C.G.S. § 15A-

269(b)(2). Defendant appealed as a matter of right pursuant to N.C. Gen. Stat. § 15A-

270.1 (2017), and Counsel was appointed to represent Defendant on appeal. Id. (“The

defendant may appeal an order denying the defendant’s motion for DNA testing

under this Article, including by an interlocutory appeal. The [trial] court shall

appoint counsel in accordance with rules adopted by the Office of Indigent Defense

Services upon a finding of indigency.”). Upon reviewing the denial of Defendant’s

request for the preservation and testing of DNA, Defendant’s appellate counsel

perfected Defendant’s appeal, but determined that she was unable to identify any

issue with sufficient merit to support a meaningful argument for relief. Acting

consistent with the requirements set forth in Anders v. California, 386 U.S. 738, 18

L. Ed. 2d 493 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985),

Defendant’s appellate counsel advised Defendant of his right to file written

arguments with this Court and provided Defendant with the documents necessary

for him to do so. She then filed an Anders brief with this Court stating she had been

unable to find any meritorious issues for appeal, had complied with the requirements

of Anders, and asked this Court to conduct an independent review of the record to

determine if there were any identifiable meritorious issues therein. Defendant filed

a pro se “Addendum in Support of Anders Brief” on 15 May 2017.

 II. Analysis

 -3-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

 A. Applicability of Anders

 In the State’s brief, it does not argue that this Court should, upon Anders

review, affirm the ruling of the trial court. Instead, apparently for the first time in

an appeal, the State makes the argument that the protections provided in Anders and

Kinch are not available to defendants appealing orders denying post-conviction DNA-

related relief pursuant to N.C.G.S. § 15A-270.1.2

 In all prior opinions of this Court involving Anders briefs filed pursuant to an

N.C.G.S. § 15A-270.1 appeal, the State has implicitly accepted the validity of the

Anders procedure, and simply argued that the defendants’ appellate counsel were

correct in their determinations that no meritorious issues were identifiable from the

trial records. See State v. Riggins, __ N.C. App. __, 809 S.E.2d 378 (2018)

(unpublished); State v. Bayse, __ N.C. App. __, 808 S.E.2d 614 (2017) (unpublished);

State v. Sayre, __ N.C. App. __, 803 S.E.2d 699 (2017) (unpublished); State v. Rios, __

N.C. App. __, 803 S.E.2d 698 (2017) (unpublished); State v. Tapia, __ N.C. App. __,

799 S.E.2d 909 (2017) (unpublished); State v. Castruita, __ N.C. App. __, 798 S.E.2d

440 (2017) (unpublished); State v. Barrera, __ N.C. App. __, 798 S.E.2d 440 (2017)

(unpublished); State v. Nettles, __ N.C. App. __, 797 S.E.2d 715 (2017) (unpublished);

State v. Needham, __ N.C. App. __, 781 S.E.2d 532 (2016) (unpublished); State v.

 2 The State makes this same argument in two additional appeals currently before this Court,
State v. Ross, COA17-442, and State v. Tapia, COA17-471, the decisions of which we file concurrently
with this opinion.

 -4-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

Harris, 238 N.C. App. 200, 768 S.E.2d 63 (2014) (unpublished); State v. Gladden, 234

N.C. App. 479, 762 S.E.2d 531 (2014) (unpublished); State v. Mickens, 233 N.C. App.

789, 759 S.E.2d 711 (2014) (unpublished); State v. Autry, 215 N.C. App. 390, 716

S.E.2d 89 (2011) (unpublished). In all of those cases, this Court has conducted the

Anders review requested without questioning its duty or authority to so do, including

addressing the defendants’ arguments when they have filed pro se briefs in

accordance with Anders and Kinch.

 The State now argues that, because “there is . . . no constitutional right to post-

conviction proceedings[,]” “‘[t]here is no constitutional right to an attorney in state

post-conviction proceedings.’” (Citations omitted). Relying on the United States

Supreme Court’s opinion in Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539

(1987), the State concludes: “Thus, even when an indigent defendant has a state-

created right to counsel at post-conviction, ‘she has no constitutional right to insist

on the Anders procedures which were designed solely to protect’ the ‘underlying

constitutional right to appointed counsel.’ Finley, 481 U.S. at 557, 95 L. Ed. 2d at

547.”

 While we agree with the State, as discussed below, that defendants who appeal

pursuant to N.C.G.S. § 15A-270.1 have no constitutional right to seek Anders review,

we disagree with the clear implication of the State’s argument – that this Court is

 -5-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

prohibited from recognizing a right of Anders-type review separate from that

constitutionally mandated pursuant to the Anders decision itself and its progeny.

 1. Review Mandated by the United States Constitution

 In Finley, the United States Supreme Court held that “Anders established a

prophylactic framework that is relevant when, and only when, a litigant has a

previously established constitutional right to counsel.” Finley, 481 U.S. at 555, 95 L.

Ed. 2d at 545. The Court reasoned:

 We have never held that prisoners have a constitutional
 right to counsel when mounting collateral attacks upon
 their convictions, and we decline to so hold today. Our
 cases establish that the right to appointed counsel extends
 to the first appeal of right, and no further. Thus, we have
 rejected suggestions that we establish a right to counsel on
 discretionary appeals. We think that since a defendant has
 no federal constitutional right to counsel when pursuing a
 discretionary appeal on direct review of his conviction, a
 fortiori, he has no such right when attacking a conviction
 that has long since become final upon exhaustion of the
 appellate process.

Id. at 555, 95 L. Ed. 2d at 545-46. For this reason, the Court held that the protections

of Anders are not constitutionally mandated in post-conviction proceedings, even

when defendants have been provided access to appointed appellate counsel by

statute: “[W]e reject respondent’s argument that the Anders procedures should be

applied to a state-created right to counsel on postconviction review just because they

are applied to the right to counsel on first appeal[.]” Id. at 556, 95 L. Ed. 2d at 546.

As explained in Finley, “[s]ince [the defendant] has no underlying constitutional right

 -6-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

to appointed counsel in state postconviction proceedings, [he] has no constitutional

right to insist on the Anders procedures which were designed solely to protect that

underlying constitutional right.” Id. at 557, 95 L. Ed. 2d at 547.

 The right to counsel on appeal from an order denying post-conviction DNA

testing is not of constitutional origin. It is purely a creature of statute, specifically

N.C.G.S. § 15A-270.1, which provides as follows:

 The defendant may appeal an order denying the
 defendant’s motion for DNA testing under this Article,
 including by an interlocutory appeal. The court shall
 appoint counsel in accordance with rules adopted by the
 Office of Indigent Defense Services upon a finding of
 indigency.

Id. For these reasons, appellate counsel representing defendants based upon the

right of appeal granted pursuant to N.C.G.S. § 15A-270.1 are not constitutionally

mandated to conform to the requirements established in Anders when they are unable

to identify any meritorious grounds for appellate review. However, our review of this

issue does not end here.

 The United States Supreme Court is charged with determining what

constitutes the minimum rights and protections guaranteed by the United States

Constitution. States are of course free to permit, or require, procedures that afford

protections beyond what is constitutionally mandated.3 Therefore, because the

 3 Absent federal preemption.

 -7-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

General Assembly has created a general right of appeal from the denial of motions

made pursuant to the Act, this Court clearly has jurisdiction to consider the request

for Anders-type review made by Defendant’s appellate counsel. State v. Thomsen,

369 N.C. 22, 25, 789 S.E.2d 639, 641–42 (2016) (“because the state constitution gives

the General Assembly the power to define the jurisdiction of the Court of Appeals,

only the General Assembly can take away the jurisdiction that it has conferred”).

Absent some superseding statute, holding, or rule, this Court has the discretion to

decide whether to conduct the review requested by Defendant’s appellate counsel.

The State directs us to no contrary authority.

 2. The Authority of This Court to Recognize a
 Right to Anders-Type Review

 The State first notes that “this Court has declined to apply Anders to civil

proceedings, notwithstanding a defendant’s statutory right to counsel at such

proceedings.”4 The State then argues that “a motion for post-conviction DNA testing

is comparable to a collateral civil action, much like a habeas petition[,]” and is

therefore “not a criminal action[.]” In support, the State cites the statutory

definitions of civil and criminal actions, and this Court’s opinion in State v. Gardner,

227 N.C. App. 364, 742 S.E.2d 352 (2013). The State contends that in Gardner this

Court applied “the general rule in civil cases to defendant’s motion for post-conviction

 4 As noted below, our Supreme Court has decided to afford Anders-type review to certain civil
proceedings pursuant to Rule 3.1(d) of the North Carolina Rules of Civil Procedure.

 -8-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

DNA testing[.]” However, we do not read Gardner as holding that actions pursuant

to the Act are civil in nature. In Gardner, this Court stated that, as a general rule in

civil cases, when the trial court rules on motions or enters orders ex mero motu,

findings and conclusions are only required if specifically requested by a party. Id. at

370, 742 S.E.2d at 356 (citation omitted). This Court then stated: “N.C. Gen. Stat. §

15A–269 contains no requirement that the trial court make specific findings of facts,

and we decline to impose such a requirement.”5 Id.

 However, this Court, in an earlier opinion, introduced discussion of a

defendant’s right of appeal pursuant to N.C. Gen. Stat. § 15A–270.1 as follows: “In

North Carolina, a defendant’s right to appeal in a criminal proceeding is purely a

creation of state statute. . . . . Generally, there is no right to appeal in a criminal

case except from a conviction or upon a plea of guilty.” State v. Norman, 202 N.C.

App. 329, 332, 688 S.E.2d 512, 514–15 (2010) (quotation marks and citations omitted)

(emphasis added); see also State v. Rios, __ N.C. App. __, 803 S.E.2d 698 (2017)

(unpublished) and State v. Carroll, __ N.C. App. __, 797 S.E.2d 710 (2017)

(unpublished) (both opinions applying N.C. R. App. P. 4(a)(2) in determining the

defendants’ notices of appeal from denial of motions for post-conviction DNA testing

were not timely filed);6 State v. Patton, 224 N.C. App. 399, 2012 WL 6590534 (2012)

 5 Chapter 15A is, of course, the Criminal Procedure Act.
 6 “Rule 4. Appeal in Criminal Cases – How and When Taken” is the rule of appellate procedure
that applies to criminal appeals. N.C.R. App. P. 4(a). If appeal from N.C.G.S. § 15A-270.1 was an
appeal from a civil proceeding, we would apply Rule 3. N.C.R. App. P. 3.

 -9-
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

(unpublished) (the defendant’s oral notice of appeal given immediately after the trial

court denied his motion for post-conviction DNA testing preserved his right to appeal

pursuant to N.C. Gen. § 15A–270.1);7 State v. Brown, 170 N.C. App. 601, 605-06, 613

S.E.2d 284, 287 (2005) (emphasis added) (a case decided before the enactment of

N.C.G.S. § 15A–270.1 and applying N.C. R. App. P. 4(a), holding that, because the

right to appeal in criminal proceedings is a purely statutory right, no right of appeal

existed from decisions of the trial court pursuant to the Act because no right of appeal

was included in that section, and no “other statutes governing criminal proceedings

provide a right to appeal in cases such as this one”). Appeal pursuant to N.C.G.S. §

15A–270.1 is an appeal from a criminal proceeding.

 In the absence of precedent from criminal appeals, the State directs us to prior

decisions of this Court in which we decided not to extend the right to Anders

procedures to certain civil matters. For example, the State cites In re Harrison, 136

N.C. App. 831, 526 S.E.2d 502 (2000), an opinion in which we declined to extend the

right to Anders review to parents who appeal from orders terminating their parental

rights (“TPR” orders). It is instructive to conduct a review of this Court’s opinion in

Harrison, and to review other opinions addressing the issue of the availability of

Anders review when the right to that review is not constitutionally mandated.

 7 Oral notice of appeal is only valid in an appeal from a criminal proceeding.

 - 10 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

 In deciding not to extend Anders protections to appeals from TPR orders, this

Court in Harrison reasoned: “‘An attorney for a criminal defendant who believes that

his client’s appeal is without merit is permitted to file what has become known as an

Anders brief.’ However, this jurisdiction has not extended the procedures and

protections afforded in Anders and Kinch to civil cases.” Id. at 832, 526 S.E.2d at 502

(citation omitted).8 In support of our decision not to extend Anders protections to TPR

cases, this Court in Harrison noted: “The majority of states who have addressed this

issue have found that Anders does not extend to civil cases, including termination of

parental rights cases.” Id. This Court decided to adopt what it then considered to be

the “majority rule,” and directly adopted the reasoning from an Arizona opinion,

concluding that “‘counsel for a parent appealing from a juvenile court’s severance

order has no right to file an Anders brief.’” Id. at 833, 526 S.E.2d at 503 (quoting

Denise H. v. Arizona Dept. of Economic Sec., 193 Ariz. 257, 259, 972 P.2d 241, 243

(1998)). Despite holding that there was no right of Anders review in TPR appeals,

this Court in Harrison exercised its discretion and conducted the requested Anders

review anyway.9 Id. Importantly, for our analysis in the present case, in Harrison

 8 It is important to note that the language in Harrison stating that Anders protections have
not been extended to civil cases is not a holding — it is a statement of fact made to introduce this
Court’s subsequent analysis. Unfortunately, this language has been cited in some subsequent opinions
as if it constituted binding precedent.
 9 We note that in a number of opinions in which this Court determined Anders did not apply,

this Court, in its discretion, still conducted the requested Anders review. This Court’s authority to
conduct Anders review in those cases was never challenged.

 - 11 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

this Court implicitly recognized that it has the authority to decide whether to extend

Anders protections and requirements beyond what is constitutionally mandated. Id.

 To the extent that this Court in Harrison included a general holding that we

would not extend Anders review to civil cases, two very important facts were thereby

established.10 First, Harrison and its progeny have always recognized the difference

between civil and criminal appeals, and nothing in any of our opinions suggests that

Anders related holdings in civil appeals should inform, much less bind, this Court

when considering criminal appeals. Harrison itself mainly reaches its holding on the

basis that the rights of the appealing parties and the burdens of proof required in

termination of parental rights cases, which are civil, are not comparable to those in

criminal appeals. Harrison, 136 N.C. App. at 833, 526 S.E.2d at 503 (citation omitted)

(“‘the burdens of proof are neither “very similar” nor do they derive from the same

source. Because a parent whose rights are terminated is not equivalent to a convicted

criminal, we conclude that counsel for a parent appealing from a juvenile court’s

severance order has no right to file an Anders brief.’”). We can find no case in which

 10 Although the holding in Harrison has been characterized as one denying Anders review in
civil cases, see In re N.B., N.B., J.B., N.B., & J.B., 183 N.C. App. 114, 116-17, 644 S.E.2d 22, 24 (2007)
(“[i]n Harrison, this Court declined to extend the holding of Anders to civil cases, including termination
of parental rights cases”), this Court in Harrison was specifically considering a termination of parental
rights case, and it specifically adopted the reasoning of an Arizona case in support of its holding. The
Arizona case was also limited to a termination of parental rights proceeding, and the portion of that
opinion quoted and adopted in Harrison does not make any holding broader than that counsel for
parents appealing an order terminating their parental rights have “no right to file an Anders brief.”
Harrison, 136 N.C. App. at 833, 526 S.E.2d at 503 (citation omitted). It is unclear that the holding in
Harrison was intended to be applied outside the termination of parental rights context.

 - 12 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

an appellate court of this State has denied Anders review in a criminal appeal. The

closest we come is in the satellite based monitoring (“SBM”) context, where this Court

relied on dicta from Harrison to deny Anders review:

 [C]ounsel appointed to represent defendant on appeal has
 filed an Anders brief indicating he “has been unable to
 identify any non-frivolous issue that could be raised in this
 appeal.” He asks this Court to conduct its own review of
 the record for possible prejudicial error in accordance with
 Anders and Kinch. “Our Court has held that SBM hearings
 and proceedings are not criminal actions, but are instead a
 ‘civil regulatory scheme[.]’” “[T]his jurisdiction has not
 extended the procedures and protections afforded in
 Anders and Kinch to civil cases.” In re Harrison, 136 N.C.
 App. 831, 832, 526 S.E.2d 502, 502 (2000). Nevertheless,
 in the exercise of our discretion pursuant to N.C. R. App.
 P. Rule 2 (2012), we have reviewed the record and found no
 error. Consequently, we affirm the trial court’s SBM order.

State v. Lineberger, 221 N.C. App. 241, 243, 726 S.E.2d 205, 207 (2012) (citations

omitted) (emphasis added). This Court in Lineberger determined it was bound by

Harrison because SBM proceedings are civil in nature. Neither Harrison nor any

other opinion involving Anders review in civil matters constitutes binding precedent

in the criminal matter presently before us.

 Second, this Court in Harrison – by the very act of conducting an analysis of

the issue, considering the “majority” and “minority” rules from other jurisdictions,

and adopting one of those rules – was exercising its authority to make that

determination. Put differently, this Court in Harrison could have held that Anders

applied in appeals from TPR proceedings, but decided not to. This Court in Harrison

 - 13 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

did not hold, state, or in any manner indicate that it was without the authority to

make that choice absent action by our Supreme Court or our General Assembly.

Further, as discussed further below, this Court has held, without any prior “right”

created by our Supreme Court or our General Assembly, that the right to effective

assistance of counsel – which is only a “right,” in the constitutional sense, that applies

to criminal defendants – also applies in civil TPR proceedings. In re Oghenekevebe,

123 N.C. App. 434, 436, 473 S.E.2d 393, 396 (1996). This right, in the TPR context,

was therefore “created” by this Court, acting alone.

 Also of note, this Court, acting without prior permission or guidance from

either our Supreme Court or the General Assembly, has held that Anders review

applies in appeals from proceedings in which a juvenile has been adjudicated

delinquent. In re May, 153 N.C. App. 299, 301, 569 S.E.2d 704, 707 (2002) (“an

attorney for an indigent juvenile adjudicated to be delinquent may file an Anders

brief in the appellate courts of this state”). Juvenile delinquency proceedings are

generally considered civil proceedings. See Turner v. Rogers, 564 U.S. 431, 443, 180

L. Ed. 2d 452, 462 (2011) (referring to the “civil juvenile delinquency proceeding”).

For this reason, the United States Supreme Court has held that not all constitutional

protections required in a criminal proceeding are required in the analogous juvenile

proceeding. In re Gault, 387 U.S. 1, 30-31, 18 L.Ed.2d 527, 548 (1967) (“‘We do not

mean to indicate that the hearing to be held [in a juvenile proceeding] must conform

 - 14 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

with all of the requirements of a criminal trial or even of the usual administrative

hearing; but we do hold that the hearing must measure up to the essentials of due

process and fair treatment.’”); see also In re Winship, 397 U.S. 358, 25 L. Ed. 2d 368

(1970).

 Post-Harrison, this Court was again asked to extend the Anders procedures to

TPR proceedings in N.B., 183 N.C. App. at 117, 644 S.E.2d at 24. After determining

that we were bound by the holding in Harrison,11 and could not recognize a right that

had already been specifically denied by Harrison, this Court stated:

 [W]e take this opportunity to urge our Supreme Court or
 the General Assembly to reconsider this issue. As
 Respondent’s counsel has forcefully argued, an attorney
 appointed to represent an indigent client whose appeal is
 wholly frivolous is faced with a conflict between the duty to
 “zealously assert[ ] the client’s position under the rules of
 the adversary position[,]” N.C. Rules of Professional
 Conduct, Rule 0.1, and the prohibition on advancing
 frivolous claims, N.C. Rules of Professional Conduct, Rule
 3.1. Further, at the present time, courts in at least thirteen
 states have allowed attorneys to file no-merit briefs
 pursuant to Anders in juvenile appeals. See Wis. Stat. §
 809.32(1)(a) (requiring appointed counsel to file a “no-merit
 report” in an appeal of a termination order if the appeal is
 frivolous); In the Matter of Justina Rose D., 28 A.D.3d 659,
 659, 813 N.Y.S.2d 229, 231 (N.Y. App. 2006) (applying the
 Anders procedure to an appeal of an order terminating an
 indigent parent’s rights); Linker–Flores v. Dept. of Human
 Services, 359 Ark. 131, [141], 194 S.W.3d 739, 747 (Ark.
 2004) (holding that the Anders procedure correctly
 balances the rights of indigent parents with the obligations

 11 In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

 - 15 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

 of their appointed attorneys, and adopting the procedure
 for appeals of termination cases involving indigent
 parents)[.12] However, other than North Carolina, only
 four states that have addressed the issue continue to
 prohibit such a practice. Additionally, permitting such
 review furthers the stated purposes of our juvenile code.
 See N.C. Gen. Stat. § 7B–100 (2005).

Id. at 117–19, 644 S.E.2d at 24–25 (citations omitted). Our Supreme Court added a

provision to our Rules of Appellate Procedure, effective for all cases appealed after 1

October 2009, allowing an Anders-like procedure for appeals taken pursuant to N.C.

Gen. Stat. § 7B-1001, including from TPR orders. N.C. R. App. P. R. 3.1(d).13 Thus,

our Supreme Court has also recognized the authority of our appellate courts, even

absent enabling legislation, to decide whether to extend Anders protections into

areas, such as determinations of child custody, not constitutionally required by

Anders or its progeny – such as Finley. This is in line with other jurisdictions that

recognize this authority in their appellate courts. See N.B., 183 N.C. App. at 117-19,

644 S.E.2d at 24-25 and cases cited therein; see also In re NRL, 344 P.3d 759, 760

(Wyo. 2015) and cases cited.

 12 Following these three citations, N.B. includes ten more citations to opinions from different
jurisdictions that affirmed or granted Anders review in TPR appeals.
 13 We can find nothing in our Rules of Appellate Procedure that would prevent us from allowing

Anders-type review in the matter before us. Further, our Supreme Court has repeatedly stated its
preference that appeals be decided on the merits, and not be dismissed for non-jurisdictional rules
violations. Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 198–99, 657
S.E.2d 361, 365–66 (2008).

 - 16 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

 In the 2015 case of NRL, the Supreme Court of Wyoming noted that the

majority of jurisdictions had decided to apply Anders protections to TPR cases, and

adopted that majority position. Id. at 760. In so doing, the Court in NRL recognized

that, in deciding to extend Anders protections, “many states reasoned that the nature

of the case,”

 i.e., civil rather than criminal, makes no difference in the
 duties court-appointed counsel owes his or her client. From
 counsel’s perspective, counsel’s duty to competently and
 diligently represent the client is exactly the same in a civil
 appeal from an order terminating parental rights as in an
 appeal from a criminal conviction. Moreover, in both
 criminal and termination of parental rights cases, counsel
 may conclude, after thoroughly and conscientiously
 examining the case, that a case lacks any nonfrivolous
 issues for appeal. Despite the civil or criminal nature of
 the appeal, counsel in such a situation faces the same
 dilemma of having to diligently represent the indigent
 client who wants to appeal while still complying with
 counsel’s other ethical duties as a member of the Bar.

Id.

 We also find the reasoning of the Texas Court of Appeals, 14th District,

instructive:

 Although the Texas Supreme Court has not addressed the
 applicability of Anders to parental-termination appeals, its
 holdings in two recent cases are instructive. Last year, the
 Texas Supreme Court held that a Statutory right to
 effective assistance of counsel exists in parental-rights
 termination cases. In doing so, our high court extended the
 Strickland test used in the criminal context to civil

 - 17 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

 parental-rights termination proceedings.14 The procedure
 prescribed by the United States Supreme Court in Anders
 derives from the Sixth Amendment right to counsel.
 Therefore, it seems logical to conclude that the Texas
 Supreme Court would allow the filing of an Anders brief
 derived from this right in the parental-rights termination
 context.

In re D.E.S., 135 S.W.3d 326, 329 (Tex. App. – 14th Dist. 2004) (citations omitted).

 This Court has also recognized that, where a statutory right to counsel exists,

that right includes the right to effective assistance of counsel as set forth in

Strickland:

 N.C. Gen. Stat. § 7A–289.23 (1995) guarantees a parent’s
 right to counsel in all proceedings dedicated to the
 termination of parental rights. Given that this right exists,
 it follows that a remedy must also exist to cure violations
 of this statutory right. If no remedy were provided a parent
 for inadequate representation, the statutory right to
 counsel would become an “empty formality.” In re Bishop,
 92 N.C. App. at 664-65, 375 S.E.2d at 678. “Therefore, the
 right to counsel provided by G.S. 7A–289.23 includes the
 right to effective assistance of counsel.” Id. at 665, 375
 S.E.2d at 678.15

Oghenekevebe, 123 N.C. App. at 436, 473 S.E.2d at 396. The Strickland test is the

appropriate test to demonstrate ineffective assistance of counsel in North Carolina

as well, whether in a criminal or a civil setting. Id.; State v. Braswell, 312 N.C. 553,

562, 324 S.E.2d 241, 248 (1985). N.C.G.S. § 15A-270.1 provides a statutory right to

 14 Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674 (1984).
 15 We point out that in Bishop, this Court for the first time recognized a right to effective
assistance of counsel in termination proceedings, and imposed the Strickland/Braswell test, even
though this right is not constitutionally mandated.

 - 18 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

counsel, and thus the right to effective assistance of counsel as set forth in the Sixth

Amendment based Strickland/Braswell test. We see no valid reason to deny Anders-

type protections to defendants in criminal proceedings from which there is a statutory

right of appeal, and can discern no compelling reason why this Court, or the State,

would find it desirable to place appointed counsel in the position of choosing “between

the duty to ‘zealously assert[ ] the client’s position under the rules of the adversary

position[,]’ N.C. Rules of Professional Conduct, Rule 0.1, and the prohibition on

advancing frivolous claims, N.C. Rules of Professional Conduct, Rule 3.1.” N.B., 183

N.C. App. at 117, 644 S.E.2d at 24.

 We find the decision to apply Anders procedures to appeals pursuant to

N.C.G.S. § 15A–270.1 even more compelling in light of this Court’s recent opinion in

Sayre. In Sayre, the defendant’s counsel filed an Anders brief stating he could find

no meritorious issues for appeal. Sayre, __ N.C. App. __, 803 S.E.2d 699, 2017 WL

3480951, *1 (2017). The defendant filed a pro se brief pursuant to Anders, and this

Court conducted the appropriate review. Id. The majority affirmed, holding: “We

have been unable to find any possible prejudicial error, and we conclude that the

appeal is wholly frivolous.” Id. at *2. Judge Murphy dissented, stating: “I

respectfully dissent from the Majority’s opinion because [the d]efendant made

allegations sufficient under the plain language of the statute entitling him to the

appointment of counsel to maintain his motion for post-conviction DNA testing.” Id.

 - 19 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

at *4. Sayre is currently awaiting review by our Supreme Court. Absent this Court’s

decision to conduct an Anders review in Sayre, the defendant would not have had the

opportunity to present his possibly meritorious argument once his counsel

determined that he could not locate any non-frivolous arguments based upon the

record before him.

 In the present matter, the concurring opinion, relying on N.C.R. App. P. 28,

argues that we should not address the Anders issue in this opinion because it was not

first brought up and argued in Defendant’s brief. We believe the fact that Defendant’s

attorney filed an Anders brief is sufficient to raise the issue and present it for

appellate review. Further, the State’s sole argument on appeal is that we should

dismiss Defendant’s appeal based on a determination that Anders review cannot be

requested in an appeal pursuant to N.C.G.S. § 15A-270.1. The concurring opinion

would have us refuse to address the State’s argument on appeal. If this Court was to

refuse to address the State’s argument, our remaining option for review would be to

simply conduct the requested Anders review, just as we have done in every prior

appeal that requested Anders review pursuant to N.C.G.S. § 15A-270.1. However,

the concurring opinion implicitly argues that we should conduct the review, but only

to the point where we determine Anders review is not constitutionally mandated on

appeal pursuant to N.C.G.S. § 15A-270.1, and then use our discretionary supervisory

powers to conduct an Anders review in this case, without making any broader holding.

 - 20 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

As stated, we believe Defendant’s brief requesting Anders review and the State’s brief

contending that we cannot apply Anders review to this appeal place this issue

squarely before us and meet the requirements of Rule 28. Assuming, arguendo, this

issue was not preserved for appellate review, in light of Defendant’s clear reliance on

the precedent of this Court in conducting Anders review, without reservation,

whenever it has been asked to do so on appeal pursuant to N.C.G.S. § 15A-270.1, we

invoke Rule 2 of our Rules of Appellate Procedure to “suspend or vary the

requirements” of Rule 28 in order to “prevent manifest injustice” and “expedite

decision in the public interest,” N.C.R. App. P. 2, address the State’s sole argument

in opposition to Defendant’s appeal, and settle a question of law that would be certain

to otherwise recur.

 Our precedent establishes that this Court has both jurisdiction and the

authority to decide whether Anders-type review should be prohibited, allowed, or

required in appeals from N.C.G.S. § 15A-270.1. Exercising this discretionary

authority, we hold that Anders procedures apply to appeals pursuant to N.C.G.S. §

15A–270.1. We wish to make clear, in order to avoid potential misapplication, that

our holding is limited to the issue before us – appeal pursuant to N.C.G.S. § 15A–

270.1. Having held that Defendant’s counsel had the right to proceed in this matter

pursuant to Anders procedures, we now address the merits of Defendant’s arguments.

 B. Anders Review

 - 21 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

 “Under our review pursuant to Anders and Kinch, ‘we must determine from a

full examination of all the proceedings whether the appeal is wholly frivolous.’” State

v. Frink, 177 N.C. App. 144, 145, 627 S.E.2d 472, 473 (2006) (citation omitted). “In

carrying out this duty, we will review the legal points appearing in the record,

transcript, and briefs, not for the purpose of determining their merits (if any) but to

determine whether they are wholly frivolous.” Id. (citation omitted).

 Based on our review, we agree with counsel that the appeal is wholly frivolous.

Defendant asserts he did not act with premeditation and deliberation in killing Ms.

Barefoot; nor did he “c[o]me to Ms. Barefoot’s apartment with an intent to commit a

felony therein.” Defendant’s averments bear no relation to the integrity of the DNA

evidence presented at his trial or to the potential value of additional testing. Thus,

they are not relevant to the issue currently before this Court: whether the trial court

erred in denying Defendant’s motion to locate and preserve evidence and for post-

conviction DNA testing under N.C.G.S. § 15A-269. Defendant’s argument is also

wholly at odds with the theory presented in his motion to the trial court, i.e., that

further DNA testing would prove he was not the perpetrator of the crime. We note

on that account that Defendant has not demonstrated how, based upon the facts of

this case, DNA testing could possibly assist him in any post-conviction review.

Accordingly, we affirm the trial court’s order.

 AFFIRMED.

 - 22 -
 STATE V. VELASQUEZ-CARDENAS

 Opinion of the Court

Judge CALABRIA concurs.

Judge DILLON concurs with separate opinion.

 -2-
 No. COA17-422 – STATE v. VELASQUEZ-CARDENAS

 DILLON, Judge, concurring.

 I concur in the result reached by the majority. I write separately, however, to

address the majority’s statement that “Anders procedures apply to appeals pursuant

to N.C.G.S. § 15A-270.1.” I agree with the majority’s statement to the extent that it

suggests that we have jurisdiction (i.e., the authority) to conduct an Anders-like

review in the context of an appeal brought pursuant to N.C. Gen. Stat. § 15A-270.1.

However, to the extent that the majority’s statement suggests that we are required

to conduct an Anders-like review, I respectfully disagree. I conclude that an

appellant’s right to have issues reviewed on appeal is limited by Rule 28 of our Rules

of Appellate Procedure promulgated by our Supreme Court, which provides that

“[t]he scope of review on appeal is limited to issues so presented in the several briefs.”

N.C. R. App. P. 28(a).

 Our State Constitution provides that our “Supreme Court shall have exclusive

authority to make rules of procedures and practice for the Appellate Division.” N.C.

Const. Art. IV, sec. 13(2). Pursuant to its exclusive authority, our Supreme Court has

promulgated Rule 28(a), which limits the right to a review by our Court to those issues

raised in the appellate briefs, though in our discretion we can waive Rule 28(a) by

invoking Rule 2 of the North Carolina Rules of Appellate Procedure in order to review

other issues. N.C. R. App. P. 2. Rule 28(a)’s limited right to review, however, is

qualified somewhat by the United States Supreme Court decision in Anders v.

California, 386 U.S. 738 (1967), in which the U.S. Supreme Court determined that
 STATE V. VELASQUEZ-CARDENAS

 DILLON, J., concurring

an appellant has the right to review of issues not raised in his brief in certain

circumstances. Specifically, in Anders, that Court held that indigent defendants are

entitled under our federal constitution to certain procedures during a first appeal of

right where appointed counsel fails to discern a non-frivolous appellate issue. Anders

v. California, 386 U.S. at 744. These procedures include (1) a party’s right to file a

brief when his attorney has filed a “no merit” brief and (2) a party’s right to a full

search of the record by the appellate court, even if no meritorious issues were raised

by the party or the party’s attorney.

 In a later case, the U.S. Supreme Court held that under our federal

constitution, an indigent defendant is not entitled to Anders procedures on

subsequent post-conviction appeals even where state law provides such defendants a

right to counsel for that appeal. See Pennsylvania v. Finley, 481 U.S. 551, 554 (1987).

 Our General Assembly has provided indigent defendants the right to appellate

counsel when appealing an order denying post-conviction DNA testing. See N.C. Gen.

Stat. § 15A-270.1. However, our General Assembly has not provided these defendants

the right to Anders procedures, including any right to a full Anders review. Neither

our State Constitution nor the federal constitution provides for such right. And our

Supreme Court has not provided for such a right by appellate rule or otherwise. Our

Court’s authority to recognize such a right is limited by any controlling authority to

the contrary. Therefore, I conclude that Rule 28(a) compels us to hold that an

 2
 STATE V. VELASQUEZ-CARDENAS

 DILLON, J., concurring

indigent appellant who appeals pursuant to N.C. Gen. Stat. § 15A-270.1 has no right

to review by our Court of any issues not properly raised in the briefs.

 I find instructive the process by which the right to certain Anders procedures

were provided in the context of an indigent parent’s appeal of a disposition order.

Like in the current case, our General Assembly has provided the right to appellate

counsel in that civil context. We held, though, that an indigent parent with this

statutory right to counsel had no right to Anders procedures; but we urged “our

Supreme Court or the General Assembly to reconsider this issue.” In re N.B. 183 N.C.

App. 114, 117, 644 S.E.2d 22, 24 (2007). Our Supreme Court responded by

promulgating Rule 3.1(d), creating a right to certain Anders-type procedures in that

context. N.C. R. App. P. 3.1(d). Specifically, Rule 3.1(d) grants an indigent parent

the right to raise issues in a separate brief where appellant’s counsel has filed a “no-

merit” brief; however, Rule 3.1(d) does not explicitly grant indigent parents the right

to receive an Anders-type review of the record by our Court, which would allow our

Court to consider issues not explicitly raised on appeal.

 In any case, Rule 3.1(d) does not apply to this present criminal matter brought

pursuant to N.C. Gen. Stat. § 15A-270.1. Further, neither our Supreme Court nor

our General Assembly has created any right to an Anders-like review by our Court in

the context of an appeal brought pursuant to N.C. Gen. Stat. § 15A-270.1. Therefore,

until our Supreme Court, by rule or holding, or our General Assembly, by law, creates

 3
 STATE V. VELASQUEZ-CARDENAS

 DILLON, J., concurring

such a right, I conclude that we must follow Rule 28(a), which limits the right of

appellants to review only of issues raised in their briefs. This is not to say that we

cannot exercise our discretion to consider issues not properly raised in the briefs, as

we have done here.

 4