IN RE: DUSTIN ERIC HARRISON, A MINOR CHILD, AND
IN RE: JOHN STANLEY KOROS, III, A MINOR CHILD

No. COA99-834

(Filed 7 March 2000)

**Termination of Parental Rights— no right to file *Anders* brief—sufficiency of evidence**

Although counsel for a parent appealing from a juvenile court's severance order has no right to file an Anders brief since a parent whose rights are terminated is not equivalent to a convicted criminal, the Court of Appeals exercised its discretion pursuant to N.C. R. App. P. 2 and upheld the trial court's termination of respondents' parental rights because the trial court's findings of fact are supported by clear and convincing evidence.

Respondent Michelle Elaine Harrison and respondent John Stanley Koros, Jr. appeal from order entered 4 December 1998 by Judge Thomas H. Nix in Rutherford County District Court. Heard in the Court of Appeals 21 February 2000.

On 31 March 1997, the Rutherford County Department of Social Services (DSS) filed separate petitions seeking to terminate the parental rights as to Dustin Eric Harrison and John Stanley Koros, III. Respondent Michelle Harrison is the mother of both children. Respondent John Stanley Koros, Jr. is the biological father of Dustin Eric Harrison and legal father of John Stanley Koros, III. DSS alleged that: respondents had willfully left the children in foster care for more than 12 months without reasonable progress under the circumstances in correcting those conditions which led to the children's removal; the children had been in the custody of DSS for a continuous period of six months preceding the filing of the petition; and the respondents had willfully failed for such period to pay any portion of the cost of care for the children although physically and financially able to do so. Neither David Coleman, alleged biological father of John Stanley Koros, III, or John Melvin Grebos, legal father of Dustin Eric Harrison, appeared in court to contest the proceedings. On 4 December 1998, the trial court terminated the respondents' parental rights in their children. Respondents appeal.

*David W. Rogers for respondent-appellants.*

*No response filed by petitioner-appellees.*

IN RE HARRISON

[136 N.C. App. 831 (2000)]

EAGLES, Chief Judge.

Counsel appointed to represent respondents has filed a brief in which he states that he is "unable to find any error that might have substantially affected the respondent's rights." He asks this Court to conduct its own review of the record for possible prejudicial error pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). Counsel has not filed documentation with this Court showing that he has complied with the requirements of *Anders*. However, counsel states that he has advised respondents of their right to file written arguments with the Court and provided them with a copy of the documents pertinent to this appeal. As of this date, respondents have not filed any arguments on their own behalf.

"An attorney for a *criminal* defendant who believes that his client's appeal is without merit is permitted to file what has become known as an *Anders* brief." *State v. Mayfield*, 115 N.C. App. 725, 726, 446 S.E.2d 150, 152 (1994) (emphasis added). However, this jurisdiction has not extended the procedures and protections afforded in *Anders* and *Kinch* to civil cases. The majority of states who have addressed this issue have found that *Anders* does not extend to civil cases, including termination of parental rights cases. *See Department of Children and Family Services v. Natural Parents of J.B.*, 736 So.2d 111, 114 (Fla. App. 1999) (*Anders* procedures do not apply in termination of parental rights cases); *County of Kern v. Dillier*, 69 Cal. App. 4th 1412, 1419, 82 Cal. Rptr. 2d 318, 322 (1999) ("*Anders's* 'prophylactic' procedures are designed solely to protect the indigent criminal defendant's right, under the Fourteenth Amendment's due process and equal protection clauses, to the assistance of appellate counsel appointed by the state"); *Denise H. v. Arizona Dept. of Economic Sec.*, 193 Ariz. 257, 259, 972 P.2d 241, 243 (1998) (counsel for a parent appealing from a juvenile court's severance order has no right to file an *Anders* brief). *But see L.C. v. State*, 963 P.2d 761, 348 Utah Adv. Rep. 26 (1998), *cert. denied*, D.C. v. State, 982 P.2d 88 (1999).

In *Denise H.*, counsel for a parent whose parental rights were terminated sought to file an *Anders* brief and have the Arizona Court of Appeals review the record for error. The Court declined, stating:

[A] severance proceeding is not essentially the same as a criminal proceeding, nor does a parent whose rights are sought to be ter-

IN RE HARRISON

[136 N.C. App. 831 (2000)]

minated enjoy the same rights as a person accused of committing a crime. The right to file an *Anders* brief derives from the Sixth Amendment right to counsel, which applies to persons "accused" in "criminal prosecutions" . . . . A severance proceeding, on the other hand, is clearly civil in nature. It may be filed by the state, . . . or it may be filed by any private person or agency with an interest in the welfare of a child. . . . An indigent parent against whom a petition has been filed has the right to appointed counsel, but that right is afforded by statute and the Due Process Clause, not the Sixth Amendment.

The burden of proof required to terminate a parent's rights, although greater than that required for an ordinary civil proceeding, is still less than that required to convict a person of a crime. The requirement that a person accused of a crime be found guilty beyond a reasonable doubt is based on the common law presumption of innocence. The statutory burden of proof for a severance proceeding, on the other hand, is required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Thus, the burdens of proof are neither "very similar" nor do they derive from the same source. Because a parent whose rights are terminated is not equivalent to a convicted criminal, we conclude that counsel for a parent appealing from a juvenile court's severance order has no right to file an *Anders* brief.

*Id.* at 259, 972 P.2d at 243 (citations omitted). We agree with the Arizona Court of Appeal's reasoning and adopt this majority rule.

Nevertheless, in the exercise of our discretion, see N.C.R. App. P. 2, we have reviewed the record to determine whether the evidence supports the trial court's findings of fact and conclusions of law. We find that the trial court's findings are supported by clear and convincing evidence and therefore affirm the trial court's order terminating the respondents' parental rights.

Affirmed.

Judges WALKER and SMITH concur.