644 S.E.2d 22 (2007)
In the Matter of N.B., N.B., J.B., N.B, and J.B.
No. COA 06-814.
Court of Appeals of North Carolina.
May 1, 2007.
Leslie C. Rawls, Charlotte, for Respondent-Appellant-Father.
Office of Durham County Attorney, by Assistant County Attorney Cathy L. Moore, for Petitioner-Appellee Durham County Department of Social Services.
*23 North Carolina Guardian Ad Litem Program, by Associate Counsel Deana K. Fleming, Raleigh, for Guardian Ad Litem.
McGEE, Judge.
K.B. (Respondent) appeals from an order terminating his parental rights to N.K.B., N.F.B., J.D.B., N.M.B, and J.M.B. (the children).[1] We affirm the trial court's order terminating Respondent's parental rights.
The children have been in the custody of the Durham County Department of Social Services (DSS) since 24 September 2002 when their mother brought them to DSS to be placed in foster care. DSS filed a petition seeking nonsecure custody of the children based on multiple unexplained injuries discovered on three of the children and a substantial risk of injury to the children. DSS also alleged Respondent to be verbally hostile and aggressive around DSS staff. Although Respondent was personally served, he did not appear at the adjudication hearings held 23-25 April 2003. In an order entered 3 September 2003, the trial court found domestic violence between Respondent and the children's mother, drug and alcohol use by Respondent and the children's mother, lack of medical care for the children, and injuries to the children. As a result, the trial court adjudicated the children neglected, and also adjudicated N.K.B. and N.F.B. abused.
In an order entered 11 July 2003, the trial court ordered Respondent to attend anger management counseling, undergo a mental health evaluation and follow any resulting recommendations, complete a parenting program, maintain stable housing, and maintain stable employment. Respondent was permitted supervised visitation with the children. Respondent had completed less than half of the above plan by September 2003. At a permanency planning hearing held 16 September 2003, additional requirements were made part of the trial court's order as recommended by the Center for Child and Family Health and by agreement of all the parties. At the 16 September 2003 hearing and at an additional permanency planning hearing held on 16 December 2003, the trial court found that termination was not appropriate because progress was being made by Respondent and the children's mother. Respondent was arrested in July 2004 on various state charges.
On 16 September 2004, DSS filed a motion to terminate parental rights. The trial court allowed Respondent an extension of time to answer the motion. Respondent filed an answer on 2 December 2004, ten days after the deadline established in the order extending time. The adjudication portion of the termination of parental rights hearing was held on 25-28 January 2005 and on 22 February 2005. Respondent was present for those proceedings. The trial court found (1) that N.K.B. and N.F.B. were abused by Respondent, (2) that the children were neglected by Respondent, and (3) that Respondent had willfully left the children in foster care for more than twelve months without showing reasonable progress.
While Respondent was being held in pre-trial detention, he was indicted on federal charges and was transferred to federal custody sometime in early 2005. Respondent was sentenced to approximately thirty years in prison in the fall of 2005. At Respondent's request, and over objections by DSS, the hearing on disposition was continued several times to allow Respondent to review transcripts because he could not be present at the proceedings as a result of his transfer to federal custody. The trial court terminated Respondent's parental rights after disposition hearings were held 15-17 June 2005, 11-12 October 2005, and 18 November 2005. Respondent appeals.
After the trial court entered its order, Respondent, DSS, and the guardian ad litem filed a joint petition for discretionary review in our Supreme Court seeking review of this case, as well as reversal of this Court's holding in In re Harrison, 136 N.C.App. 831, 526 S.E.2d 502 (2000).
During the time that Respondent's petition was pending with our Supreme Court, Respondent was required to proceed with the *24 appeal before this Court after receiving four extensions of time. Accordingly, Respondent's counsel filed a brief setting forth the substance of the parties' argument in favor of reversal of Harrison. Respondent's counsel also set forth three assignments of error without argument and requested that we conduct our own review.
The Supreme Court denied the joint petition for discretionary review on 8 March 2007. Thereafter, Respondent's counsel moved to withdraw as attorney of record for Respondent and to permit Respondent to file arguments on his own behalf. DSS opposed any action which would cause further delay in this case since nearly five years had elapsed since the children had entered foster care and they were still without permanence. To avoid any further delay in this appeal, we denied the motion in an order dated 22 March 2007.
In Harrison, this Court declined to extend the holding of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh'g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), to civil cases, including termination of parental rights cases. Harrison, 136 N.C.App. at 833, 526 S.E.2d at 503. Anders permits "[a]n attorney for a criminal defendant who believes that his client's appeal is without merit . . . to file what has become known as an Anders brief." Harrison, 136 N.C.App. at 832, 526 S.E.2d at 502 (emphasis omitted). In an Anders brief, counsel advises the reviewing court that an appeal is wholly frivolous, references anything which might arguably support the appeal, and furnishes the client with a copy of the brief, advising the client of the right to raise any arguments on the client's own behalf. Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. The reviewing court must then, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." Id.
In Harrison, the respondent's attorney filed a brief stating that he was "unable to find any error that might have substantially affected the respondent's rights." Harrison, 136 N.C.App. at 832, 526 S.E.2d at 502. We adopted the reasoning of an Arizona case, Denise H. v. Arizona Dept. of Economic Sec., 193 Ariz. 257, 972 P.2d 241, 243 (1998), which found that counsel for a parent appealing an order terminating parental rights did not have a right to file an Anders brief. The Arizona Court of Appeals noted in Denise H. that the right to file an Anders brief derived from the Sixth Amendment right to counsel, a right which does not extend to civil proceedings. Harrison, 136 N.C.App. at 833, 526 S.E.2d at 503.
Because we are bound by this Court's holding in Harrison, we are unable to extend the Anders procedure to termination proceedings as requested by Respondent. In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). However, we take this opportunity to urge our Supreme Court or the General Assembly to reconsider this issue. As Respondent's counsel has forcefully argued, an attorney appointed to represent an indigent client whose appeal is wholly frivolous is faced with a conflict between the duty to "zealously assert[] the client's position under the rules of the adversary position[,]" N.C. Rules of Professional Conduct, Rule 0.1, and the prohibition on advancing frivolous claims, N.C. Rules of Professional Conduct, Rule 3.1. Further, at the present time, courts in at least thirteen states have allowed attorneys to file no-merit briefs pursuant to Anders in juvenile appeals. See Wis. Stat. § 809.32(1)(a) (requiring appointed counsel to file a "no-merit report" in an appeal of a termination order if the appeal is frivolous); In the Matter of Justina Rose D., 28 A.D.3d 659, 659, 813 N.Y.S.2d 229, 231 (2006) (applying the Anders procedure to an appeal of an order terminating an indigent parent's rights); Linker-Flores v. Dept. of Human Services, 359 Ark. 131, 194 S.W.3d 739, 747 (2004) (holding that the Anders procedure correctly balances the rights of indigent parents with the obligations of their appointed attorneys, and adopting the procedure for appeals of termination cases involving indigent parents); People ex rel. SD Dept. of *25 Social Services, 678 N.W.2d 594, 598 (S.D. 2004) (allowing Anders briefs in appeals of termination orders and noting that whether a case is civil or criminal does not affect the duties a court-appointed attorney owes a client); In re D.E.S., 135 S.W.3d 326, 330 (Tex.App. Houston 14th Dist.2004) (finding the briefing requirements of Anders "appropriate and applicable" in an appeal of a termination order); In re H.E., 312 Mont. 182, 59 P.3d 29, 32 (2002) (applying the Anders procedure to an appeal of an order terminating an indigent parent's rights); Children, Youth & Fam. Dept. v. Alicia P., 127 N.M. 664, 986 P.2d 460, 462 (1998) (holding the Anders procedure to be applicable in an appeal of an order terminating parental rights); L.C. v. State, 963 P.2d 761, 764 (Utah App. 1998), cert. denied, D.C. v. State, 982 P.2d 88 (Utah 1999) (holding that appointed counsel may file an Anders brief when representing an indigent client in a termination of parental rights appeal); J.K. v. Lee County, 668 So.2d 813, 816 (Ala.Civ.App.1995) (extending the procedures set forth in Anders to "civil cases in which an indigent client has a court-appointed attorney as authorized by statute"); In re Shanbash C., 1994 WL 567859, 1994 Conn.Super. LEXIS 2558 (Conn.Super.Ct.1994) (finding the Anders procedure appropriate if appeal of an order terminating parental rights is sought); In re V.E., 417 Pa.Super. 68, 611 A.2d 1267, 1275 (1992) (permitting an appointed attorney to withdraw from an appeal of a termination order only after following the Anders procedure); Morris v. Lucas County Children Serv. Bd., 49 Ohio App.3d 86, 550 N.E.2d 980, 981 (1989) (endorsing the Anders procedure in appeals of termination orders); Matter of Keller, 138 Ill.App.3d 746, 93 Ill.Dec. 190, 486 N.E.2d 291, 292 (1985) (holding the Anders procedure applicable to appeals of an order terminating an indigent parent's rights). However, other than North Carolina, only four states that have addressed the issue continue to prohibit such a practice. See N.S.H. v. Florida D.C.F.S., 843 So.2d 898, 900 (Fla. 2003), cert denied, 540 U.S. 950, 124 S.Ct. 388, 157 L.Ed.2d 282 (2003) (concluding the Anders procedure is not applicable to cases involving termination of parental rights); Denise H. v. Arizona Dept. of Economic Sec., 193 Ariz. 257, 972 P.2d 241, 244 (1998) (declining to apply the Anders procedure to termination proceedings); In re Sade C., 13 Cal.4th 952, 55 Cal.Rptr.2d 771, 920 P.2d 716, 734 (1996), cert. denied, Gregory C. v. Los Angeles County Department of Children's Services, 519 U.S. 1081, 117 S.Ct. 747, 136 L.Ed.2d 685 (1997) (declining to extend Anders "to an indigent parent's appeal from a judgment or order . . . adversely affecting [the parent's] custody of a child or . . . status as the child's parent)"; In re Welfare of Hall, 99 Wash.2d 842, 664 P.2d 1245, 1247 (1983) (deeming it "inadvisable to apply Anders to appeals in child deprivation proceedings and hold[ing] that appointed counsel may never withdraw from such an appeal, absent client consent"). Additionally, permitting such review furthers the stated purposes of our juvenile code. See N.C. Gen.Stat. § 7B-100 (2005).
DSS and the guardian ad litem also filed a joint motion to dismiss the appeal as frivolous pursuant to N.C.R.App. P. 37. We now deny the motion to dismiss, and, as we did in Harrison, we invoke our discretion pursuant to N.C.R.App. P. 2 to review the record "to determine whether the evidence supports the trial court's findings of fact and conclusions of law." Harrison, 136 N.C.App. at 833, 526 S.E.2d at 503. We conclude that the trial court's findings regarding Respondent are properly supported by clear, cogent, and convincing evidence, and its findings support its conclusions. We find no merit in any of the three assignments of error noted in the record. We therefore affirm the trial court's order terminating Respondent's parental rights.
Affirmed.
Judges ELMORE and STEPHENS concur.
NOTES
[1] We note that the order terminating the parental rights of Respondent did not include the middle initials of the children. Because using only the first and last initials would cause significant confusion, we include their middle initials in our opinion.