STATE OF NORTH CAROLINA v. RODNEY LAVON LINEBERGER

No. COA11-1098

(Filed 5 June 2012)

**1. Appeal and Error—satellite-based monitoring—oral notice of appeal insufficient—certiorari granted**

The Court of Appeals granted *certiorari* to hear defendant's appeal from the trial court's order to enroll in satellite-based monitoring for the remainder of his life where defendant's oral notice of appeal was insufficient.

**2. Satellite-Based Monitoring—review of the record—no prejudicial error**

The Court of Appeals' review of the record for possible prejudicial error in a satellite-based monitoring case in accordance with *Anders* and *Kinch* revealed no error.

Appeal by defendant from order entered 29 April 2011 by Judge Anderson Cromer in Forsyth County Superior Court. Heard in the Court of Appeals 25 April 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Yvonne B. Ricci, for the State.*

*Guy J. Loranger for defendant-appellant.*

HUNTER, Robert C., Judge.

On 6 August 2007, defendant entered an *Alford* plea to two counts of taking indecent liberties with a child and one count of possession of a firearm by a felon. The charges were consolidated for judgment and the trial court sentenced defendant to 39 to 47 months imprisonment.

On 4 November 2010, the North Carolina Department of Correction wrote defendant a letter informing him that he was to appear for a satellite-based monitoring ("SBM") determination hearing on 24 January 2011 in Forsyth County Superior Court. Thereafter, the trial court appointed counsel to represent defendant. On 29 April 2011, the trial court found defendant to be a recidivist and ordered him to enroll in a SBM program for the remainder of his natural life. Defendant gave oral notice of appeal in open court.

[1] First, defendant has not properly appealed this case. This Court has held that "oral notice pursuant to N.C.R. App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court" when a defendant appeals from a trial court's order requiring him to enroll in SBM. *State v. Brooks*, 204 N.C. App. 193, 194, 693 S.E.2d 204, 206 (2010). Instead, defendant must give written notice of appeal in accordance with N.C.R. App. P. 3(a) (2012). *Brooks*, 204 N.C. App. at 194, 693 S.E.2d at 206. Since defendant only gave oral notice of appeal, his appeal is not properly before this Court and is subject to dismissal. Recognizing that he failed to provide proper notice of appeal, defendant filed a petition for writ of *certiorari* with this Court seeking review of the SBM order. A writ of *certiorari* may be issued to permit review of the judgments and orders of trial tribunals "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1) (2012). This Court has, in the interest of justice, granted *certiorari* where the defendant failed to properly appeal pursuant to Rule 3(a). *State v. Clark*, ____ N.C. App. ____, ____, 714 S.E.2d 754, 762 (2011), *disc. review denied*, ____ N.C. ____, 722 S.E.2d 595 (2012); *State v. Stokes*, ____ N.C. App. ____, ____, 718 S.E.2d 174, 180 (2011). In our discretion, we grant *certiorari* to hear defendant's appeal in this case.

**[2]** Second, counsel appointed to represent defendant on appeal has filed an *Anders* brief indicating he "has been unable to identify any non-frivolous issue that could be raised in this appeal." He asks this Court to conduct its own review of the record for possible prejudicial error in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch,* 314 N.C. 99, 331 S.E.2d 665 (1985). "Our Court has held that SBM hearings and proceedings are not criminal actions, but are instead a 'civil regulatory scheme[.]' " *Brooks,* 204 N.C. App. at 194, 693 S.E.2d at 206 (quoting *State v. Bare,* 197 N.C. App. 461, 472, 677 S.E.2d 518, 527 (2009) (alteration in original)). "[T]his jurisdiction has not extended the procedures and protections afforded in *Anders* and *Kinch* to civil cases." *In re Harrison,* 136 N.C. App. 831, 832, 526 S.E.2d 502, 502 (2000). Nevertheless, in the exercise of our discretion pursuant to N.C. R. App. P. Rule 2 (2012), we have reviewed the record and found no error. Consequently, we affirm the trial court's SBM order.

Affirmed.

Judges STROUD and ERVIN concur.