An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-241

Filed: 20 October 2015

New Hanover County, No. 13CRS059316

STATE OF NORTH CAROLINA

v.

MATTHEW ROBERT LUKE

Appeal by Defendant from order entered 3 October 2014 by Judge W. Douglas Parsons in New Hanover County Superior Court. Heard in the Court of Appeals 12 October 2015.

> *Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Guy J. Loranger, for the Defendant.*

DILLON, Judge.

Matthew Robert Luke ("Defendant") appeals from the trial court's order requiring him to enroll in satellite-based monitoring ("SBM") for the remainder of his natural life. Defendant also seeks review of his judgment upon a guilty plea by writ of *certiorari*. For the following reasons, we affirm both the judgment and the SBM order.

On 3 October 2014, Defendant pleaded guilty to second degree rape and second degree sexual offense and was sentenced to 44 to 113 months in prison. Upon finding that Defendant was convicted of an aggravated offense, the trial court ordered Defendant to register as a sex offender and to enroll in lifetime SBM upon his release. Defendant timely filed written notice of appeal from the order imposing SBM. Recognizing that he did not give oral or written notice of appeal from his judgment as required by Rule 4 of the North Carolina Rules of Appellate Procedure, Defendant filed a petition asking this Court to review the judgment by writ of certiorari. In our discretion, we grant Defendant's petition for writ of certiorari for the purpose of reviewing the judgment. *See* N.C. R. App. P. 21(a) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action").

Counsel appointed to represent Defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and

providing him with the documents necessary for him to do so. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed.

## A. Satellite-Based Monitoring

"Our Court has held that SBM hearings and proceedings are not criminal actions, but are instead a civil regulatory scheme." *State v. Brooks*, 204 N.C. App. 193, 194, 693 S.E.2d 204, 206 (2010) (internal marks omitted). "[T]his jurisdiction has not extended the procedures and protections afforded in *Anders* and *Kinch* to civil cases." *In re Harrison*, 136 N.C. App. 831, 832, 526 S.E.2d 502 (2000). Nevertheless, in the exercise of our discretion pursuant to N.C. R. App. P. 2, we have reviewed the record and found no error. Consequently, we affirm the trial court's SBM order.

## B. Judgment Upon Guilty Plea

In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therein. By virtue of his guilty plea, Defendant's right of appeal was limited to the sentencing issues set forth in N.C. Gen. Stat. § 15A-1444(a1) and (a2) (2013). We have been unable to find any possible prejudicial error and conclude that the appeal from judgment upon the guilty plea is without merit. Accordingly, we affirm the judgment.

AFFIRMED.

Chief Judge McGEE and Judge HUNTER, JR., concur.

Report per Rule 30(e).