DILLON, Judge, concurring.
I concur in the result reached by the majority. I write separately, however, to address the majority's statement that " Anders procedures apply to appeals pursuant to N.C.G.S. § 15A-270.1." I agree with the majority's statement to the extent that it suggests that we have jurisdiction (i.e., the authority) to conduct an Anders -like review in the context of an appeal brought pursuant to N.C. Gen. Stat. § 15A-270.1. However, to the extent that the majority's statement suggests that we are required to conduct an Anders -like review, I respectfully disagree. I conclude that an appellant's right to have issues reviewed on appeal is limited by Rule 28 of our Rules of Appellate Procedure promulgated by our Supreme Court, which provides that "[t]he scope of review on appeal is limited to issues so presented in the several briefs." N.C. R. App. P. 28(a).
Our State Constitution provides that our "Supreme Court shall have exclusive authority to make rules of procedures and practice for the Appellate Division." N.C. Const. Art. IV, sec. 13 (2). Pursuant to its exclusive authority, our Supreme Court has promulgated Rule 28(a), which limits the right to a review by our Court to those issues raised in the appellate briefs, though in our discretion we can waive Rule 28(a) by invoking Rule 2 of the North Carolina Rules of Appellate Procedure in order to review other issues. N.C. R. App. P. 2. Rule 28(a) 's limited right to review, however, is qualified somewhat by the United States Supreme Court decision in Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which the U.S. Supreme Court determined that an appellant has the right to review of issues not raised in his brief in certain circumstances. Specifically, in Anders , that Court held that indigent defendants are entitled under our federal constitution to certain procedures during a first appeal of right where appointed counsel fails to discern a non-frivolous appellate issue. Anders v. California , 386 U.S. at 744, 87 S.Ct. 1396. These procedures include (1) a party's right to file a brief when his attorney has filed a "no merit" brief and (2) a party's right to a full search of the record by the appellate court, even if no meritorious issues were raised by the party or the party's attorney.
In a later case, the U.S. Supreme Court held that under our federal constitution, an indigent defendant is not entitled to Anders procedures on subsequent post-conviction appeals even where state law provides such defendants a right to counsel for that appeal. See Pennsylvania v. Finley , 481 U.S. 551, 554, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).
Our General Assembly has provided indigent defendants the right to appellate counsel when appealing an order denying post-conviction DNA testing. See N.C. Gen. Stat. § 15A-270.1. However, our General Assembly has not provided these defendants the right to Anders procedures, including any right to a full Anders review. Neither our State Constitution nor the federal constitution provides for such right. And our Supreme Court has not provided for such a right by appellate rule or otherwise. Our Court's authority to recognize such a right is limited by any *20 controlling authority to the contrary. Therefore, I conclude that Rule 28(a) compels us to hold that an indigent appellant who appeals pursuant to N.C. Gen. Stat. § 15A-270.1 has no right to review by our Court of any issues not properly raised in the briefs.
I find instructive the process by which the right to certain Anders procedures were provided in the context of an indigent parent's appeal of a disposition order. Like in the current case, our General Assembly has provided the right to appellate counsel in that civil context. We held, though, that an indigent parent with this statutory right to counsel had no right to Anders procedures; but we urged "our Supreme Court or the General Assembly to reconsider this issue." In re N.B. 183 N.C. App. 114, 117, 644 S.E.2d 22, 24 (2007). Our Supreme Court responded by promulgating Rule 3.1(d), creating a right to certain Anders -type procedures in that context. N.C. R. App. P. 3.1(d). Specifically, Rule 3.1(d) grants an indigent parent the right to raise issues in a separate brief where appellant's counsel has filed a "no-merit" brief; however, Rule 3.1(d) does not explicitly grant indigent parents the right to receive an Anders -type review of the record by our Court, which would allow our Court to consider issues not explicitly raised on appeal.
In any case, Rule 3.1(d) does not apply to this present criminal matter brought pursuant to N.C. Gen. Stat. § 15A-270.1. Further, neither our Supreme Court nor our General Assembly has created any right to an Anders -like review by our Court in the context of an appeal brought pursuant to N.C. Gen. Stat. § 15A-270.1. Therefore, until our Supreme Court, by rule or holding, or our General Assembly, by law, creates such a right, I conclude that we must follow Rule 28(a), which limits the right of appellants to review only of issues raised in their briefs. This is not to say that we cannot exercise our discretion to consider issues not properly raised in the briefs, as we have done here.